# EXHIBIT A

ELECTRONICALLY FILED
2/25/2019 4:28 PM
05-CV-2019-900247.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **JENNIFER A. FIDLER,** §<br>§<br>**Plaintiff,** §<br>§<br>**vs.** §<br>§<br>§<br>§<br>**THE CITY OF FAIRHOPE, ALABAMA,** §<br>**KARIN WILSON, in her official** §<br>**capacity as mayor of the City of** §<br>**Fairhope and KARIN WILSON,** §<br>**individually,** §<br>§<br>§<br>**Defendants.** § | **Civil Action No. 2019-_____**<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT

---

### <u>PARTIES</u>

1.      Plaintiff Jennifer A. Fidler is a resident of the State of Alabama and is over nineteen (19) years of age. Fidler resides in Baldwin County. She was an employee of the City of Fairhope. She worked as the Public Works Director and as a horticulturist for the City.

2.      Ms. Fidler is an employee within the meaning set forth at 29 C.F.R. § 1620.1 ("Equal Pay Act").

3.      The City of Fairhope, Alabama ("City") is an employer within the meaning set forth at 29 U.S.C. § 201, *et seq.* ("Fair Labor Standards Act").

4.      Mayor Karin Wilson ("Mayor" or "Wilson") is a resident of the State of Alabama and is over nineteen (19) years of age. Mayor Wilson is a resident of Baldwin County. She has served as mayor of the City of Fairhope during all events pertinent to this action.

## FACTS

5.      Jennifer Fidler was employed by the City of Fairhope as the Public Works Director as of or until her termination on or about April 5, 2017.

6.      Ms. Fidler also held the position of City Horticulturalist during her employment with the City.

7.      Ms. Fidler remained in her position until she was terminated by Mayor Wilson on or about April 5, 2017.

8.      Mayor Wilson took office in November 2016.

9.      Sometime in late November or early December 2016, Ms. Fidler was in a meeting with Mayor Wilson and the City's Human Resources Manager, Pandora Heathcoe.

10.      During that meeting, Ms. Fidler witnessed Mayor Wilson take Heathcoe by the shoulders and physically shake her (hereinafter, the "Shaking Incident").

11.      On or around January 11, 2017, Ms. Fidler participated in a meeting with Mayor Wilson, City Personnel Board Chair Lorenzo Howard, and Heathcoe, where Mayor Wilson accused Ms. Fidler of sharing information about the Shaking Incident with others (hereinafter, "January Meeting").

12.      During the January Meeting, Ms. Fidler was confronted by Mayor Wilson and Howard regarding the Shaking Incident and told Fidler not to talk about the Shaking Incident further.

13.      Howard told Ms. Fidler that only information supportive of the Mayor should be shared, so as not to further harm the relationship between the Mayor and the Fairhope City Council.

14.      Quite uncomfortably, the Mayor then asked Heathcoe to confirm herself that her actions on the day of the Shaking Incident were not improper.

15.     Heathcoe did so, but later filed a criminal complaint regarding the incident.

16.     Ms. Fidler felt highly uncomfortable and pressured in the January Meeting to have to agree with Mayor Wilson and Howard to avoid being targeted further and losing her job.

17.     On or about February 24, 2017, Mayor Wilson informed Ms. Fidler orally that she intended to fire her (hereinafter, "February Meeting").

18.     Ms. Fidler requested that Mayor Wilson reconsider that intention or allow her to remain in her position until she reached retirement in less than a year.

19.     Mayor Wilson told Ms. Fidler that she was not aware of her proximity to retirement and told her she would look into the matter further to determine what could be done.

20.     On March 9, 2017, Ms. Fidler informed Mayor Wilson in writing that she would like to continue in her position until she reached retirement.

21.     Mayor Wilson responded to Ms. Fidler's March 9 letter by e-mail stating that the two could meet, copying the Fairhope City Attorney, Tut Wynne, on the e-mail.

22.     Ms. Fidler took Mayor Wilson's response to mean that she was still employed by the City but on leave of some sort.

23.     In February and/or in March 2017, Ms. Fidler properly submitted sick leave or leave requests to the Defendant City of Fairhope.

24.     On March 22, 2017, Ms. Fidler received a paycheck that did not reflect a retirement contribution.

25.     The March 22 paycheck also indicated that Ms. Fidler's remaining vacation days were used to compensate her for the prior pay period.

26.     On March 31, having still not been given the opportunity to meet with Mayor Wilson, despite the Mayor's March 9 e-mail, Ms. Fidler, by and through her attorney, sent an

additional request to Mayor Wilson and the City Council that she be retained solely as City Horticulturalist if she were to step down as Public Works Director.

27.    Mayor Wilson stated that she intended to split Ms. Fidler's positions—Public Works Director and City Horticulturalist—into two positions.

28.    Ms. Fidler received no further communication from Mayor Wilson regarding the Shaking Incident, January Meeting, or February Meeting until after her termination on or about April 5, 2017, when Ms. Fidler was forced to file a public records request to retrieve a copy of her personnel file.

29.    In her personnel file, Ms. Fidler discovered a 'termination form' that stated she was terminated on or about April 5, 2017, with the reason for termination marked as 'other'.

30.    Although the form states that further documentation is required for use of the 'other' reason, the only document within the relevant time period to the April 5, 2017 termination form in her file was an undated "Record of Conversation" form.

31.    The "Record of Conversation" discusses the original Shaking Incident meeting, as well as the January meeting with the Mayor, Howard, Heathcoe, and Ms. Fidler.

32.    Ms. Fidler had never seen this document before her public records request and had no opportunity to review or respond to it.

33.    Ms. Fidler was never notified at any point—either during or after the Shaking Incident, January Meeting, or February Meeting that she was being disciplined regarding these events, or that a she was being terminate, or terminated for cause.

34.    Had Ms. Fidler not been terminated in April 2017, she would have been eligible for retirement on January 1, 2018.

35.     The City and Mayor Wilson have created a culture of inequality and oppression where employees cannot raise questions or concerns without fear of losing their jobs.

36.     Mayor Wilson has made countless defamatory and slanderous statements regarding Ms. Fidler.

37.     For example, Mayor Wilson stated in a public forum that was being recorded and was later published online that the reason for which Ms. Fidler was fired was "based on something that came up…that would prevent [her] from doing [her] job successfully."

38.     Mayor Wilson separately wrote that the decision to fire Ms. Fidler was made because she "did not have another choice."

39.     Mayor Wilson also wrote that firing Ms. Fidler "had to be done to protect the integrity and interest of the City at large."

40.     Later, Mayor Wilson stated at a Fairhope City Council meeting in regards to Ms. Fidler's firing: "You don't know why these two city employees…if you did know you would know that I had no other choice."

41.     Those comments were also recorded and published online.

42.     The examples set forth in paragraphs 41-44 are just that—examples—and are not exhaustive of the comments made by Wilson, either orally or in writing, directly or indirectly. Regarding the Plaintiff.

43.     Sometime after January 1, 2017, Mayor Wilson requested that Elias Technologies search Ms. Fidler's computer.

44.     The City of Fairhope paid Elias Technologies for the actions taken against Ms. Fidler in both her professional and personal capacities.

45.     Sometime after January 1, 2017, but prior to February 24, 2017, Mayor Wilson made a written offer to another individual for the position of Public Works Department Head for an amount of compensation in excess of the Plaintiff's salary and benefits for the position described and maintained by the City on or about February 24, 2017.

46.     The foregoing acts by the Defendants were without legal basis, were intentional and in direct contradiction of the City of Fairhope's personnel policies and procedures, were discriminatory in regards to the Plaintiff's pay and benefits, and excessive. As a result of the Defendants' conduct, directly or by and through the Defendant's agents, employees, servants or designees, Ms. Fidler has lost income, benefits, both past and future, and has suffered severe mental and emotional distress and damage to her reputation.

47.     The Plaintiff, as required by law, filed claims with the City of Fairhope on or about July 10, 2017 and on or about August 23, 2017, for which the City has taken no action. These claims are incorporated by reference in their entirety, as if fully included herein, as part of the factual and legal allegations of this complaint.

## COUNT I
## FAILURE TO EQUALLY COMPENSATE

48.     Ms. Fidler adopts and realleges paragraphs 1-47 above as if fully set forth herein.

49.     Ms. Fidler is a female.

50.     At the time Ms. Fidler was told she was being terminated, an offer letter for her position was already outstanding to a male.

51.     Said male was offered the same or similar position as Public Works Director as was held by Ms. Fidler at the time of the offer.

52.     The position offered, and now held, by said male is substantially the same and requires substantially the same amount of skill, expertise, and knowledge as it did when Ms. Fidler held the position.

53.     At the time Ms. Fidler was told she was being terminated, after holding the position for approximately sixteen years, she was being paid $94,500 annually.

54.     The initial offer letter to the male offered him a $130,000 annual salary.

55.     The conduct of the Defendants in offering, and subsequently hiring, a male for the same position at a substantially higher rate of pay than Ms. Fidler was a result of hiring someone of the opposite sex.

56.     Defendant City of Fairhope has also provided severance compensation, retirement benefits and other payments to former similarly situated male employees that were not likewise offered or paid to the Plaintiff.

57.     Ms. Fidler has sustained a tangible economic detriment resulting from Defendants' discriminatory behavior.

58.     Ms. Fidler sustained emotional suffering and injury attributable to the adverse employment actions taken by the Defendants.

59.     Defendants acted with malice and reckless indifference to Ms. Fidler's civil rights and emotional and physical well-being.

60.     Defendants' conduct as alleged at length herein constitutes a violation of the Equal Pay Act as well as other applicable laws, and in violation of the Defendant City of Fairhope's own policies and procedures.

**WHEREFORE,** Plaintiff demands judgment against the Defendant City and Defendant Wilson for compensatory and punitive damages, including but not limited to, mental and emotional

distress, back and front pay, benefits, interest, court costs and expenses, a reasonable attorney's fee, and such other and further relief as this Court may deem just and proper.

## COUNT II
## CIVIL CONSPIRACY

61.    Ms. Fidler adopts and realleges paragraphs 1-60 above as if fully set forth herein.

62.    Defendants City of Fairhope, by and through Mayor Wilson, and together with Defendant City of Fairhope employees, agents, servants and contractors, conspired, either negligently or intentionally, to withhold, prevent and impede Plaintiff's ability to remain, continue, become, or receive benefits as, an employee of Defendant City of Fairhope.

63.    Mayor Wilson acted beyond the scope of her authority as mayor when she conspired with other City employees, committee appointees and/or agents, and/or contractors to target and wrongfully terminate Ms. Fidler, to prevent her further employment by Defendant City of Fairhope, and/or to withhold benefits and payments for which she was entitled.

64.    Lorenzo Howard acted beyond the scope of his authority as a member of the City's personnel board when he conspired with Mayor Wilson and/or other City employees, committee appointees and/or agents, and/or contractors to quash and prevent Ms. Fidler's first amendment rights to "whistle blow", report or counsel fellow employees about the Mayor's physical touching and abuse of another employee.

65.    These actions in concert have caused Ms. Fidler loss of compensation and benefits, mental anguish, emotional distress, and embarrassment for which she seeks damages herein, both compensatory and punitive.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, including but not limited to, mental and emotional distress, back and front pay,

benefits, interest, court costs and expenses, a reasonable attorney's fee, and such other and further relief as this Court may deem just and proper.

### COUNT III
### BREACH OF CONTRACT AND
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

66.     Ms. Fidler adopts and realleges paragraphs 1-65 above as if fully set forth herein.

67.     Defendants failed to follow the applicable policies and procedures regarding their termination, and review of the termination, of Plaintiff's employment.

68.     Defendants did not correctly compensate the Plaintiff as agreed during her employment, up to and including her termination on or about April 5, 2017.

69.     Defendants did not correctly compensate the Plaintiff as agreed during her employment, up to and including her termination of employment, for her leave, vacation and other benefits.

70.     Defendants did not correctly compensate the Plaintiff as agreed during her employment regarding any and all retirement benefits which she had earned due to her employment with Defendant City of Fairhope, up to and including her termination of employment,

71.     Defendants did not correctly compensate the Plaintiff as agreed during her employment, up to and including her termination of employment, for any and all severance benefits to which she was entitled under the Defendant City of Fairhope, policies, practices, procedures and/or personnel policies.

72.     Defendants failed to provide Plaintiff with any and all Family Medical Leave benefits for which she may have been entitled prior to her termination on or about April 5, 2017, pursuant to the applicable law and pursuant to the Defendant City of Fairhope's employment policies, practices and provisions.

9

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, including but not limited to, mental and emotional distress, back and front pay, benefits, interest, court costs and expenses, a reasonable attorney's fee, and such other and further relief as this Court may deem just and proper.

<div align="center">

**COUNT IV**
**TORITOUS INTERFERNCE WITH A BUSINESS CONTRACT OR AGREEMENT**

</div>

73.     Ms. Fidler adopts and realleges paragraphs 1-72 above as if fully set forth herein.

74.     Defendant Wilson, both in her position as Mayor and individually, intentionally, recklessly and with the goal of separating the Plaintiff from her employment, in any capacity, with the Defendant City of Fairhope, misstated and/or falsely alleged wrongdoing or inappropriate actions by the Plaintiff as grounds for her termination.

75.     These actions, and statements, directly and/or indirectly, caused the termination of the Plaintiff's contract of employment with the Defendant City of Fairhope.

76.     Wilson, either intentionally, recklessly or negligently, failed and/or refused to properly review the City's policies and procedures applicable to the Plaintiff's employment contract, benefits, rights and privileges, including all rights she possessed due to her length of service with Defendant City of Fairhope, thereby causing her separation of employment.

77.     Wilson, either intentionally, recklessly or negligently, offered another individual the Plaintiff's job position as Public Works Department Head, without following the proper procedures of the Defendant City of Fairhope, thereby causing her separation of employment.

78.     Wilson, either intentionally, recklessly or negligently, failed and/or refused to properly require that Plaintiff be compensated for her work, her benefits, her retirement and her severance from the City.

79.     Wilson, in her official capacity, and individually, intentionally, recklessly or negligently failed to, refused to, and openly denied Plaintiff her position as a horticulturist with Defendant City of Fairhope,

**WHEREFORE,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, including but not limited to, mental and emotional distress, back and front pay, benefits, interest, court costs and expenses, a reasonable attorney's fee, and such other and further relief as this Court may deem just and proper.

### COUNT V
### DEFAMATION

80.     Ms. Fidler adopts and realleges paragraphs 1-79 above as if fully set forth herein.

81.     Defendants, directly and by and through their agents, employees, contractors or assigns, made false, intentionally misleading and defamatory communication(s) regarding the Plaintiff which were beyond the scope of their position and authority with the City of Fairhope.

82.     The Plaintiff had been a public employee with the Defendant City of Fairhope for more than sixteen years, and was highly visible in the community.

83.     These false, misleading and defamatory statements, both oral and written, decreased the respect, regard, or confidence in which the Plaintiff was held within the community, causing the Plaintiff damage to her well- being and her employment.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, including but not limited to, mental and emotional distress, back and front pay, interest, court costs and expenses, a reasonable attorney's fee, and such other and further relief as this Court may deem just and proper.

## COUNT VI

## SLANDER

84.     Ms. Fidler adopts and realleges paragraphs 1-83 above as if fully set forth herein.

85.     Defendant Wilson made false statements regarding the Plaintiff which damaged her reputation, regard, character or persona within the community.

86.     Defendant Wilson, directly and indirectly, conspired, with others to make false and misleading statements regarding the Plaintiff which damaged Plaintiff's reputation, regard, character or persona within the community.

87.     Defendant Wilson, at public meetings outside of her duties as the Mayor of Fairhope, made false and misleading statements regarding the Plaintiff with the intent to damage Plaintiff's reputation, regard, character or persona with the Fairhope City Council, with others who worked for and with the City, and within the community.

88.     Defendant Wilson, at town hall meetings as part of her duties as the Mayor of Fairhope, made false and misleading statements regarding the Plaintiff with the intent to damage Plaintiff's reputation, regard, character or persona with the Fairhope City Council, with others who worked for and with the City, and within the community.

89.     Defendant Wilson, made oral statements to the press that contained false and misleading statements regarding the Plaintiff with the intent to damage Plaintiff's reputation, regard, character or persona with the Fairhope City Council, with others who worked for and with the City, and within the community.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, including but not limited to, mental and emotional distress, back and front pay,

interest, benefits, court costs and expenses, a reasonable attorney's fee, and such other and further relief as this Court may deem just and proper.

## COUNT VII
## LIBEL

90.    Ms. Fidler adopts and realleges paragraphs 1-89 above as if fully set forth herein.

91.    Defendant Wilson, published statements that contained de false and misleading statements regarding the Plaintiff with the intent to damage Plaintiff's reputation, regard, character or persona with the Fairhope City Council, with others who worked for and with the City, and within the community.

92.    Defendant Wilson, directly and indirectly, conspired, with others to publish false and misleading statements regarding the Plaintiff which damaged Plaintiff's reputation, regard, character or persona within the community.

93.    Defendant Wilson, communicated false and misleading statements regarding the Plaintiff which damaged Plaintiff's reputation, regard, character or persona within the community.

94.    Defendant Wilson, in her capacity as Mayor of Fairhope, requested in writing that a forensic investigation be made by Elias Technologies using false and misleading statements regarding the Plaintiff with the intent to damage Plaintiff's reputation, regard, character or persona within the community.

95.    Defendant Wilson, published statements using social media that contained false and misleading statements regarding the Plaintiff with the intent to damage Plaintiff's reputation, regard, character or persona with the Fairhope City Council, with others who worked for and with the City, and within the community.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, including but not limited to, mental and emotional distress, back and front pay,

benefits, interest, court costs and expenses, a reasonable attorney's fee, and such other and further

relief as this Court may deem just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

*/s/ Alyce M. Spruell*
**Alyce M. Spruell** (SPR005)
Attorney for Plaintiff Jennifer A. Fidler

*Of Counsel*:
Rosen ♦ Harwood, P.A.
2200 Jack Warner Parkway, Suite 200 (35401)
P.O. Box 2727
Tuscaloosa, Alabama 35403-2727
205-344-5000
aspruell@rosenharwood.com

Plaintiff requests service of the following Defendants by certified mail at the addresses listed below.

City of Fairhope
c/o Fairhope City Clerk
Fairhope City Hall
161 North Section St
Fairhope, AL 36532

Karin Wilson
Mayor of the City of Fairhope
161 North Section St
Fairhope, AL 36532

Karin Wilson
161 North Section St
Fairhope, AL 36532

ELECTRONICALLY FILED
2/29/2019 4:28 PM
05-CV-2019-900247.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| JENNIFER A. FIDLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 2019- _____ |
| | § | |
| | § | |
| CITY OF FAIRHOPE, | § | |
| KARIN WILSON, in her official | § | |
| capacity as mayor of the City of | § | |
| Fairhope and individually, and | § | |
| individually. | § | |
| | § | |
| Defendants. | § | |

### <u>NOTICE TO THE CLERK OF THE CIRCUIT COURT</u>

Please take notice that the following was served on all parties in this case contemporaneously with the filing of the Complaint in this action:

1.      Plaintiff's First Set of Requests for Admission, Interrogatories and Request for Production of Documents to Defendants City of Fairhope, and Karin Wilson, Individually, and in her capacity as Mayor of the City of Fairhope

2.      Plaintiff's Notice of Deposition of Karin Wilson

This the 23rd day of February, 2019.

<div align="right">

*/s/ Alyce M. Spruell*_____
Alyce M. Spruell (SPR005)
Attorney for Plaintiff Jennifer A. Fidler

</div>

***Of Counsel***:
Rosen ♦ Harwood, P.A.
2200 Jack Warner Parkway, Suite 200 (35401)
P.O. Box 2727
Tuscaloosa, Alabama 35403-2727
205-344-5000
aspruell@rosenharwood.com

1

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have served the following by mailing the same by United States certified mail, contemporaneously with the filing of the Complaint in this action, this the 23rd day of February, 2019

TO:

City of Fairhope
c/o Fairhope City Clerk
Fairhope City Hall
161 North Section St
Fairhope, AL 36532

Karin Wilson
Mayor of the City of Fairhope
161 North Section St
Fairhope, AL 36532

Karin Wilson
161 North Section St
Fairhope, AL 36532

<div style="text-align: right;">

*/s/ Alyce M. Spruell*
Of Counsel

</div>

ELECTRONICALLY FILED
2/29/2019 4:28 PM
05-CV-2019-900247.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JENNIFER A. FIDLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No. 2019-_____** |
| | § | |
| | § | |
| **CITY OF FAIRHOPE,** | § | |
| **KARIN WILSON, in her official** | § | |
| **capacity as mayor of the City of** | § | |
| **Fairhope and individually, and** | § | |
| **individually.** | § | |
| | § | |
| **Defendants.** | § | |

---

### PLAINTIFF'S NOTICE OF DEPOSITION OF KARIN WILSON

---

TO:    Karin Wilson
        161 North Section St.
        Fairhope, AL 36532

       You are hereby notified that, pursuant to Rule 30(b)(5) and (6) of the *Alabama Rules of Civil Procedure*, the Plaintiff will take the testimony by deposition upon oral examination for the purpose of discovery, or for use as evidence in this cause, or for both purposes, in accordance with the statutes and rules provided, of **KARIN WILSON,** individually and in her representative capacity as mayor of the City of Fairhope:

**DATE & TIME:**    Upon the expiration of forty-five (45) days after service of the summons and complaint at a time mutually agreed upon by the parties

**PLACE:**    Said deposition to be taken at the location of choosing of Defendants' counsel.

**PERSON BEFORE WHOM TAKEN:**

    Said deposition shall be taken before an officer authorized by law to take depositions under oath.

**TOPICS:**    You will be asked to testify in your corporate capacity as the Mayor of the City of Fairhope, and also individually, regarding the allegations made by Plaintiff in the

Complaint, as well as the claims filed by the Plaintiff with the City of Fairhope on or about July 10, 2017 and August 23, 2017, respectively.

You may also be asked to testify regarding the following to include, but not be limited to, these topics:

1). Any and all pleadings filed by Karin Wilson, in any capacity, at the time of deposition;

2). The corporate history, management structure, financing structure, and all other matters related to the operation of the City of Fairhope;

3). All topics covered by the discovery requests issued by Plaintiff.

**You are instructed to bring with you copies of any documents requested by the Plaintiff pursuant to the requests for production of documents, interrogatories, and requests for admission propounded with the service of the Complaint in this matter.**

This the 23rd day of February, 2019.

/s/ Alyce M. Spruell
Alyce M. Spruell (SPR005)
Attorney for Plaintiff Jennifer A. Fidler

**_Of Counsel_**:
Rosen ♦ Harwood, P.A.
2200 Jack Warner Parkway, Suite 200 (35401)
P.O. Box 2727
Tuscaloosa, Alabama 35403-2727
205-344-5000
aspruell@rosenharwood.com

**CERTIFICATE OF SERVICE**

This certifies that I have served the following by mailing the same by United States certified mail, contemporaneously with the filing of the Complaint in this action, this the 23rd day of February, 2019

TO:

City of Fairhope
c/o Fairhope City Clerk
Fairhope City Hall
161 North Section St
Fairhope, AL 36532

Karin Wilson
Mayor of the City of Fairhope
161 North Section St
Fairhope, AL 36532

Karin Wilson
161 North Section St
Fairhope, AL 36532

*/s/ Alyce M. Spruell*
Of Counsel

ELECTRONICALLY FILED
2/29/2019 4:28 PM
05-CV-2019-900247.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JENNIFER A. FIDLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No. 2019-_____** |
| | § | |
| | § | |
| **CITY OF FAIRHOPE,** | § | |
| **KARIN WILSON, in her official** | § | |
| **capacity as mayor of the City of** | § | |
| **Fairhope and individually,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS CITY OF FAIRHOPE, AND KARIN WILSON, INDIVIDUALLY, AND IN HER CAPACITY AS MAYOR OF THE CITY OF FAIRHOPE**

Plaintiff Jennifer A. Fidler ("Fidler"), by and through her undersigned counsel, serves these First Set of Requests for Admission, Interrogatories, and Requests for Production to Defendants City of Fairhope and Karin Wilson, individually, and in her capacity as mayor of the City of Fairhope, collectively "Defendants").

**DEFINITIONS**

1. The term "Defendants" means City of Fairhope and Karin Wilson, individually, and in her capacity as Mayor of the City of Fairhope.

2. The singular shall include the plural and vice versa, but for any reference to a request to a particular Defendant versus "Defendants"; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

3. The term "communication" or "communicated" includes correspondence regardless of form of transfer or transmission and any utterance heard by another person, whether in person, by

1

telephone, e-mail or otherwise, as well as all mechanical or electronic sound recordings or transcripts thereof.

4. "Document" means anything contemplated by *Ala. R. Civ. P.* 34(a), and includes the original, or if the original is not available, a copy thereof, of any written, recorded or graphic matter and all non-identical copies thereof, however produced or reproduced, and includes, without limitation, all papers, drafts, letters, tangible things, computer files or electronically stored data or information, correspondence, email, notes, memoranda, contracts, records, photographs, videotapes, audio tapes, sketches, drawings, statements, reports, transcripts, minutes, summaries, opinions, analysis, evaluations, charts, computer readable media, machine sensible, electronic, magnetic, or any other form of stored information including, but not limited to, computer memory, hard disks, compact disks, magnetic tapes, optical media, magneto-optical media, cloud-based data, and any other documents in your possession, custody or control or known by you to exist.

5. When used with respect to a natural person, "identify" means to state the person's full name and present or last known home and business addresses, telephone numbers, employer and job title, and any positions that person has held with any party to this case.

THIS SPACE LEFT BLANK INTENTIONALLY

## **INSTRUCTIONS**

1. These requests are continuing in nature to the maximum extent permitted under the Alabama Rules of Civil Procedure and require that Defendants immediately provide such information as each Defendant, each Defendant's attorney, or anyone acting on each Defendant's behalf of or in concert with it, may have or may obtain between the time the answer to these requests are served and the time of trial.

2. In answering these interrogatories and requests, Defendants should furnish all information that is available to each Defendant or each Defendant's attorney, including but not limited to, information in the possession of each Defendant, or its attorneys, agents, investigators, or representatives.

3. If either Defendant considers any request to be ambiguous or unclear in any way, Plaintiff requests that Defendants' counsel consult with Plaintiff's counsel in a good-faith effort to clarify any ambiguity prior to preparing an answer to that interrogatory or request.

4. If any interrogatory or request cannot be answered in full, after exercising due diligence to secure the information to do so, then please so state and answer the interrogatory or request to the extent possible, specifying the reasons for any inability to answer the remainder of the interrogatory or request, stating whatever information, knowledge, opinion, or belief presently is available concerning the portion of the interrogatory or request that purportedly cannot be answered.

5. If any interrogatory or request asks that a document be identified, then please identify the document with sufficient specificity to form the basis for an individual request for production.

6. In the event that either Defendant seeks to withhold any documents on the basis that it is properly entitled to limitation of discovery, please provide a privilege log of the same, as required by Alabama law, that includes the date of the document, subject to which the document relates, author of the document, names of all recipients, and the legal and factual basis for each such claim.

## <u>REQUESTS FOR ADMISSION</u>

1. Please admit that Defendant Karin Wilson offered the Plaintiff's position of employment by letter to a male individual not employed by the City of Fairhope while the Plaintiff was employed by the Defendant City of Fairhope.

2. Please admit that Defendant Karin Wilson made public comments regarding the Plaintiff that accused Plaintiff of wrongdoing.

3. Please admit that the Defendant Karin Wilson made public comments about the Plaintiff accusing Plaintiff of wrongdoing while an employee of the Defendant City of Fairhope.

4. Please admit that the Defendant Karin Wilson made public comments about the Plaintiff accusing Plaintiff of wrongdoing while an employee of the Defendant City of Fairhope without any factual basis for doing so.

5. Please admit that Defendant Karin Wilson signed a document stating the Plaintiff was terminated for cause.

6. Please admit that Defendant Karin Wilson confronted the Plaintiff in January, 2017 demanding she make no further comment about the Defendant Karin Wilson's physical abuse of a city employee.

7.    Please admit that Defendant Karin Wilson confronted the Plaintiff with Lorenzo Freeman present demanding Plaintiff make no further comment about the Defendant Karin Wilson's physical abuse of a city employee.

8.    Please admit that Defendant Karin Wilson confronted the Plaintiff with Lorenzo Freeman present threatening Plaintiff's termination from employment unless Plaintiff made no further comment about the Defendant Karin Wilson's physical abuse of a city employee.

9.    Please admit the Defendant Karin Wilson placed a written statement in the Plaintiff's employment file regarding Wilson's confrontation of the Plaintiff regarding an alleged breach of confidentiality.

10.   Please admit the Defendant Karin Wilson had an undated written statement placed in the Plaintiff's employment file sometime prior to April 5, 2017.

11.   Please admit the Defendant Karin Wilson terminated the Plaintiff for the reasons stated in the written statement placed in the Plaintiff's employment file prior to April 5, 2017.

12.   Please admit that the Defendants did not pay the Plaintiff's proper retirement contributions upon her termination of employment with the Defendant City of Fairhope.

13.   Please admit that the Defendants did not pay the Plaintiff's proper retirement contributions upon her termination based on her length of service with the Defendant City of Fairhope.

14.   Please admit that the Defendants did not pay the Plaintiff her proper severance payment based on the Defendant City of Fairhope's policies and procedures.

15.   Please admit that the Defendants did not offer the Plaintiff a severance equivalent to other similarly situated employees of the Defendant City of Fairhope.

16.   Please admit that the Defendants did not offer the Plaintiff severance compensation and benefits as provided by the Defendant City of Fairhope's policies and procedures applicable to the Plaintiff.

17.   Please admit that the Defendant Karin Wilson agreed to maintain Plaintiff's employment while reviewing Plaintiff's retirement status.

4

18.     Please admit that the Defendants failed to properly pay the Plaintiff's health insurance benefits in March and April, 2017.

19.     Please admit that the Defendants failed to properly comply with the law regarding Plaintiff's COBRA benefits upon her termination of employment.

20.     Please admit the Defendants did not offer the Plaintiff FMLA benefits in 2017.

21.     Please admit the Defendant Karin Wilson made public comments derogatory to the Plaintiff's reputation and character without factual grounds to do so.

22.     Please admit that the Defendants knew, or should have known, that the Plaintiff was performing the duties of a City Department Head and as a Horticulturist until her termination of employment by the Defendants.

23.     Please admit that the Defendants did not hire a horticulturist in 2017.

24.     Please admit that the Plaintiff was employed by the Defendants until April 4, 2017.

25.     Please admit that the Defendants had no basis to terminate the Plaintiff for cause in 2017.

26.     Please admit that Plaintiff requested to be retained as a horticulturist with the Defendant City of Fairhope in March 2017.

27.     Please admit that the Plaintiff requested to be retained as a horticulturist with the Defendant City of Fairhope in April 2017.

28.     Please admit Defendant Karin Wilson publicly stated she considered retaining Plaintiff as a city employee as a horticulturist but decided not to.

29.     Please admit that the Plaintiff requested to be employed as a horticulturist with the Defendant City of Fairhope in May 2017.

30.     Please admit that the Plaintiff filed a claim with the Defendant City of Fairhope on or about July 10th, 2017.

31.     Please admit that the Plaintiff filed a claim with the Defendant City of Fairhope on or about August 23rd, 2017.

32.     Please admit that the Defendant City of Fairhope has not acted upon the claims filed by the Plaintiff.

33.     Please admit the Defendants owe the Plaintiff a public apology for statements made about her service while an employee of the Defendant City of Fairhope.

34.     Please admit Defendant Karin Wilson acted individually, and without authority to do so, in requesting Elias Technologies investigate the records and communications of the Plaintiff.

35.     Please admit the Defendant Karin Wilson acted individually, and not in her officially capacity, when making derogatory public statements regarding the Plaintiff.


## INTERROGATORIES & REQUESTS FOR PRODUCTION

1.      For any Request for Admission above for which you have stated a denial, explain with particularity your disagreement as to the statement.

2.      Identify each and every person who participated in answering these discovery requests. Give each person's full name, employer, job title, and the address and telephone number where each person can be contacted.

3.      Identify the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that you may use in this action.

4.      Please identify all fact witnesses you anticipate calling as witnesses at trial and the subject matter of their anticipated testimony, and please produce any statements and/or documents obtained from the same.

5.      Please identify each expert you anticipate calling as a witness at trial. For each expert identified, state the subject matter on which the expert is expected to testify at trial; state the substance of the facts and opinions to which the expert is expected to testify; and provide a summary of the grounds for each opinion.

6.      Identify all individuals, entities, government entities or others, including, but not limited to, current or former employees of the City of Fairhope, who the Defendants have contacted or communicated with concerning any of the matters alleged in the Complaint or defenses being made in this action. For each such contact or communication identified, provide the date of the communication and describe the content of the communication.

7.      Please produce any documentation provided to any individual identified in

Interrogatory No. 5 and identify to whom such documentation was provided and the date of the same.

8.      Please produce Plaintiff's personnel information, including a copy of any computer files maintained by you, as well as any documented complaints, company notes, performance reviews, discipline given, documented training, awards or recognition and any other documentation pertaining to her employment and benefits.

9.      Please produce any and all documents, including electronic records or mail, in their native format with attached metadata, in any way related to Defendants' discussion, review or involvement with the claims filed with the Defendant City of Fairhope and this complaint.

10.      Please produce any and all documents that describe policies, practices, procedures, rules or criteria used by City of Fairhope since 2000 that relate to the payment like that of the Plaintiff.

11.      Please produce all personnel and/or employment policies that were in force and effect during Plaintiff's employment with Defendant City of Fairhope.

12.      Please produce the personnel file of the Plaintiff, including all benefit payments, insurance and retirement contributions.

13.      Please produce the personnel files for all employees who were terminated, asked to resign or requested to take early retirement by Defendant City of Fairhope in the last ten (10) years.

14.      Please produce a list of all email addressed and social media accounts of the Defendant Karin Wilson.

15.      Please state the name and title of each person responsible for the oversight of the policies described in the preceding request for production.

16.      Please identify whether insurance coverage exists with respect to some or all claims asserted in this action under which an insurer may be liable to satisfy part or all of a judgment that may be entered against Defendants in this action or to indemnify or reimburse Defendants for payments made to satisfy a judgment in this action.

17.      Please produce any and all documentation, records, emails, reports, invoices or other communication between the Defendants and Elias Technologies from January 1, 2017 to date.

18.      Please provide all documentation and records regarding the Defendant City of Fairhope's personnel hearing board action involving Pandora Heathcoe in September, 2017, including any and all statements or testimony provided by, or requested by, Defendant Karin Wilson.

This the 23rd day of February, 2019.

*/s/ Alyce M. Spruell*

Alyce M. Spruell (SPR005)
Attorney for Plaintiff Jennifer A. Fidler

**_Of Counsel_**:
Rosen ♦ Harwood, P.A.
2200 Jack Warner Parkway, Suite 200 (35401)
P.O. Box 2727
Tuscaloosa, Alabama 35403-2727
205-344-5000
aspruell@rosenharwood.com

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have served the following by mailing the same by United States certified mail, contemporaneously with the filing of the Complaint in this action, this the 23rd day of February, 2019

TO:

City of Fairhope
c/o Fairhope City Clerk
Fairhope City Hall
161 North Section St
Fairhope, AL 36532

Karin Wilson
Mayor of the City of Fairhope
161 North Section St
Fairhope, AL 36532

Karin Wilson
161 North Section St
Fairhope, AL 36532

<div style="margin-left:50%;">

*/s/ Alyce M. Spruell* _____
Of Counsel

</div>

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

**NOTICE TO:** CITY OF FAIRHOPE, C/O FAIRHOPE CITY CLERK 161 NORTH SECTION ST, FAIRHOPE, AL 36532

<div align="center"><i>(Name and Address of Defendant)</i></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALYCE MANLEY SPRUELL ,

<div align="center"><i>(Name(s) of Attorney(s))</i></div>

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403 .

<div align="center"><i>(Address(es) of Plaintiff(s) or Attorney(s))</i></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JENNIFER A FIDLER
pursuant to the Alabama Rules of the Civil Procedure.

<table>
<tr><td>2/23/2019 4:28:41 PM</td><td>/s/ JODY L. WISE</td><td>By: </td></tr>
<tr><td><i>(Date)</i></td><td><i>(Signature of Clerk)</i></td><td><i>(Name)</i></td></tr>
</table>

☑ Certified Mail is hereby requested.     /s/ ALYCE MANLEY SPRUELL

<div align="center"><i>(Plaintiff's/Attorney's Signature)</i></div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<div align="center"><i>(Date)</i></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<i>(Name of Person Served)</i>        <i>(Name of County)</i>

Alabama on _____ .

<div align="center"><i>(Date)</i></div>

_____                  _____
<i>(Address of Server)</i>

_____          _____
<i>(Type of Process Server)</i>   <i>(Server's Signature)</i>

_____          _____
                  <i>(Server's Printed Name)</i>   <i>(Phone Number of Server)</i>

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

**NOTICE TO:** KARIN WILSON, MAYOR OF CITY OF FAIRHOPE, 161 NORTH SECTION ST, FAIRHOPE, AL 36532

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALYCE MANLEY SPRUELL                                                                                    ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403                              .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JENNIFER A FIDLER

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 2/23/2019 4:28:41 PM | /s/ JODY L. WISE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ ALYCE MANLEY SPRUELL

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

**NOTICE TO:** KARIN WILSON, 161 NORTH SECTION ST, FAIRHOPE, AL 36532

<p align="center">(Name and Address of Defendant)</p>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALYCE MANLEY SPRUELL                                                                                        ,

<p align="center">[Name(s) of Attorney(s)]</p>

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403                                        .

<p align="center">[Address(es) of Plaintiff(s) or Attorney(s)]</p>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JENNIFER A FIDLER

<p align="right">[Name(s)]</p>

pursuant to the Alabama Rules of the Civil Procedure.

| 2/23/2019 4:28:41 PM | /s/ JODY L. WISE | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.    /s/ ALYCE MANLEY SPRUELL

<p align="center">(Plaintiff's/Attorney's Signature)</p>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<p align="right">(Date)</p>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<p align="center">(Name of Person Served)                               (Name of County)</p>

Alabama on _____ .

<p align="center">(Date)</p>

_____        _____        _____

(Type of Process Server)         (Server's Signature)              (Address of Server)

_____        _____

(Server's Printed Name)          (Phone Number of Server)

7016 1970 0000 2480 1024

JODY L. WISE
CIRCUIT CLERK

MAR 11 2019

BALDWIN
FILED

Karin Wilson
161 North Section St
Fairhope, AL 36532

03/05/19

-R-T-S-    365325549-1N

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD
RETURN TO SENDER

Baldwin County Circuit Court Clerk
312 Courthouse Square #10
Bay Minette, AL 36507

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Karin Wilson
161 North Section St
Fairhope, AL 36532

9590 9402 4075 8092 7720 58

2. Article Number (Transfer from service label)

7016 1970 0000 2480 1024

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Bay Minette, AL 36507

City of Fairhope
c/o Fairhope City Clerk
Fairhope City Hall
161 North Section St
Fairhope, AL 36532

-R-T-S-   3€5325549-1N      03/05/19

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD
RETURN TO SENDER

BALDWIN CO
CIRCUIT CLERK
FILED IN OFFICE
MAR 11 2019
JODY L WISE
CIRCUIT CLERK



CV 19-900247

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article addressed to:

City of Fairhope
c/o Fairhope City Clerk
Fairhope City Hall
161 North Section St
Fairhope, AL 36532

9590 9402 4075 8092 7720 72

2. Article Number (Transfer from service label)

7016 1970 0000 2480 1048

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>05-CV-2019-900247.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
## JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

**NOTICE TO:** KARIN WILSON, 161 NORTH SECTION ST, FAIRHOPE, AL 36532

<center>*(Name and Address of Defendant)*</center>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALYCE MANLEY SPRUELL ,

<center>*[Name(s) of Attorney(s)]*</center>

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403 .

<center>*[Address(es) of Plaintiff(s) or Attorney(s)]*</center>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 3/11/2019 4:08:01 PM | /s/ JODY L. WISE | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

<center>*(Plaintiff's/Attorney's Signature)*</center>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<center>*(Date)*</center>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<center>*(Name of Person Served)*     *(Name of County)*</center>

Alabama on _____ .

<center>*(Date)*</center>

_____     _____     _____

<center>*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*</center>

_____     _____

<center>*(Server's Printed Name)*     *(Phone Number of Server)*</center>

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**
**JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL**

**NOTICE TO:**  CITY OF FAIRHOPE, C/O LISA HANKS, CITY CLER 161 NORTH SECTION ST, FAIRHOPE, AL 36532

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALYCE MANLEY SPRUELL
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403
.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                    *(Name(s))*

| 3/11/2019 4:08:01 PM | /s/ JODY L. WISE | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**
**JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL**

**NOTICE TO:** KARIN WILSON, MAYOR OF CITY OF FAIRHOPE, 161 NORTH SECTION ST, FAIRHOPE, AL 36532

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALYCE MANLEY SPRUELL
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403
.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.            *(Name(s))*

| 3/11/2019 4:08:01 PM | /s/ JODY L. WISE | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____ .

*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____                    _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____          _____

*(Server's Printed Name)*     *(Phone Number of Server)*



CV 19-
900247

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Karin Wilson
Mayor of the City of Fairhope
161 North Section St
Fairhope, AL 36532

9590 9402 4075 8092 7720 41

2. Article Number (Transfer from service label)

7016 1970 0000 2480 1017

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



312 Courthouse Square
Bay Minette, AL 36507

7016 1370 0000 2480 1037

-R-T-S-    36532549-1M    03/05/19
RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD
RETURN TO SENDER

Karin Wilson
Mayor of the City of Fairhope
161 North Section St
Fairhope, AL 36532

CINDY E. LONG
CIRCUIT CLERK
BALDWIN COUNTY, AL
FILED, BAY MINETTE
MAR 11 2019

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

**NOTICE TO:** KARIN WILSON, 161 NORTH SECTION ST, FAIRHOPE, AL 36532

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALYCE MANLEY SPRUELL

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure.

| 3/11/2019 4:08:01 PM | /s/ JODY L. WISE | CIRCUIT COURT [Name(s)]<br>BALDWIN COUNTY, AL<br>(FILED: BAY MINETTE) [Name] |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | |

☐ Certified Mail is hereby requested.

MAR 28 2019

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

JODY L WISE
CIRCUIT CLERK

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to _Karin_ _Wilson_ in _Baldwin_ County,

*(Name of Person Served)*  *(Name of County)*

Alabama on _3/19/19 1005 A_

*(Date)*

_SPS_

*(Type of Process Server)*

*(Server's Signature)*

_James R Johnson_

*(Server's Printed Name)*

_61 ST Joseph ST #1100_

*(Address of Server)*

_Mobile AL 36602_

_251-206-7507_

*(Phone Number of Server)*

### 05-CV-2019-900247.00
### JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

| C001 - FIDLER JENNIFER A | v. | D003 - KARIN WILSON |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



## SERVICE RETURN COPY

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**
**JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL**

**NOTICE TO:** CITY OF FAIRHOPE, C/O LISA HANKS, CITY CLER 161 NORTH SECTION ST, FAIRHOPE, AL 36532

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALYCE MANLEY SPRUELL                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403                                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.

| 3/11/2019 4:08:01 PM | /s/ JODY L. WISE | CIRCUIT COURT<br>BALDWIN COUNTY, AL<br>FILED - BAY MINETTE<br>By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

MAR 28 2019

☐ Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

JODY L. WISE
CIRCUIT CLERK

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to *LISA*
*HANKS* in *BALDWIN* County,

*(Name of Person Served)*                                          *(Name of County)*

Alabama on *3/13/19  2:53 pm*

*(Date)*

*DPS*
*(Type of Process Server)*

_____
*(Server's Signature)*

*James R Johnson*
*(Server's Printed Name)*

*61ST Joseph ST #1100*
*(Address of Server)*

*Mobile AL 36602*

*251-806-7167*
*(Phone Number of Server)*

**05-CV-2019-900247.00**
JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

| C001 - FIDLER JENNIFER A | v. | D001 - CITY OF FAIRHOPE |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2019-900247.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**
**JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL**

**NOTICE TO:** KARIN WILSON, MAYOR OF CITY OF FAIRHOPE, 161 NORTH SECTION ST, FAIRHOPE, AL 36532

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALYCE MANLEY SPRUELL                                                                                            ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 2727, TUSCALOOSA, AL 35403                                           .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of

pursuant to the Alabama Rules of the Civil Procedure.

CIRCUIT COURT OF
BALDWIN COUNTY (NORTH)
(FILED - BAY MINETTE, AL

MAR 28 2019

| 3/11/2019 4:08:01 PM | /s/ JODY L. WISE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

JODY L WISE
CIRCUIT CLERK

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                                    .

*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to *Karin Wilson*

*Mayor of City of Fairhope AL*           in           *Baldwin*           County,

*(Name of Person Served)*                                    *(Name of County)*

Alabama on *3-19-19  1005A~*

*(Date)*

*SPS.*                              *James R Johnson*

*(Type of Process Server)*         *(Server's Signature)*

*(Server's Printed Name)*

*61-St Joseph St #1100*
*(Address of Server)*

*Mobile AL 36602*
*251-206-7507*
*(Phone Number of Server)*

**05-CV-2019-900247.00**
JENNIFER A FIDLER V. CITY OF FAIRHOPE ET AL

| C001 - FIDLER JENNIFER A | v. | D002 - KARIN WILSON, MAYOR OF CITY OF FAIRHOPE |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**