IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER A. FIDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-00179-TFM-M |
| | ) |
| THE CITY OF FAIRHOPE, | ) |
| ALABAMA AND KARIN | ) |
| WILSON, IN HER OFFICIAL | ) |
| CAPACITY AS MAYOR OF THE | ) |
| CITY OF FAIRHOPE, AND | ) |
| KARIN WILSON, | ) |
| INDIVIDUALLY | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT WILSON'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

COME NOW Defendant Karin Wilson, individually and in her official capacity as Mayor of the City of Fairhope, and files this Memorandum Brief in Support of her Motion for Partial Dismissal. Portions of Plaintiff's Amended Complaint are due to be DISMISSED based on the following grounds:

### INTRODUCTION

Plaintiff filed her original Complaint on February 23, 2019, in the Circuit Court of Baldwin County, Alabama against the City of Fairhope and Karin Wilson individually and in her official capacity as mayor of the City of Fairhope seeking compensatory damages, punitive damages, costs, and attorney's fees. This was

removed to this Court on April 5, 2019. Portions of this Complaint are due to be dismissed with prejudice, specifically including as follows: 1) Plaintiff's claims against Mayor Wilson in her official capacity are due to be dismissed as duplicative of her claims against the City of Fairhope; 2) Plaintiff's claims of failure to equally compensate and violation of the Family Medical Leave act are to be dismissed against Defendant Wilson in her individual capacity as Defendant Wilson in her individual capacity is not the Plaintiff's employer; 3) Plaintiff's claim for breach of contract is due to be dismissed against Defendant Wilson in her individual capacity as Defendant Wilson in her individual capacity had no contractual relationship with the Plaintiff; 4) Plaintiff's claims for tortious interference with a business contract agreement are due to be dismissed against Defendant Wilson in her official capacity as there was no contractual or business agreement between the Plaintiff and Defendant Wilson individually; and 5) All claims for punitive damages against Defendant Wilson in her official capacity are due to be dismissed with prejudice.

## STANDARD OF REVIEW

Pursuant to Rule 8 of the *Federal Rules of Civil Procedure*, a plaintiff must provide the defendant from the outset with a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P*. 8; Davis v. Coca-Cola Bottling Company, 516 F.3d 955, 974 (11th Cir. 2008). In Bell Atlantic v. Twombly, the Supreme Court tightened the pleading standard applicable to complaints, describing the old "no set of facts" as being "best forgotten as an

incomplete, negative gloss" on Rule 8.  550 U.S. 544, 563 (2007).  Instead, the Twombly Court set a "plausibility" standard, pursuant to which the plaintiff must plead enough *facts* (not merely unsupported legal conclusions) to show that, if the facts are proven true, he will plausibly be entitled to the relief that he seeks.  Id. at 562-63.

The Supreme Court of the United States provided further clarification of Twombly's effects.  In Ashcroft v. Iqbal, the Court stated as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

556 U.S. 662, 678 (2009) (internal citations omitted).  The Iqbal Court also emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

This rule furthers the principle that discovery may not be used as a "fishing expedition" to flesh out insufficiently alleged claims.  See, e.g., Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) (affirming denial of motion seeking review of parole files in attempt to prove due process violations when discovery sought would

3

be irrelevant to the claims actually stated). The Twombly Court stressed the importance of applying the Rule 8 standard rigorously "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." 550 U.S. at 557 (2007) (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST DEFENDANT WILSON IN HER OFFICIAL CAPACITY ARE DUE TO BE DISMISSED WITH PREJUDICE.

Plaintiff's claims against Karin Wilson, in her official capacity, are due to be dismissed as duplicative of her claims against the City of Fairhope. See Godby v. Montgomery Cnty. Bd. of Educ., 996 F. Supp. 1390, 1403 (M.D. Ala. 1998) (citing Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir .1991)). The mayor is the chief executive officer of the city. *Ala. Code* §11-43D-14 (1975). "That is to say, she is, in her official capacity, within the line and scope of her office, the agent of the City, through whom the City acts. Thus, to sue the mayor in her official capacity is simply another way of suing the City." Dickinson v. City of Huntsville, 822 So. 2d 411, 415 (Ala. 2001). Accordingly, Plaintiff's claims against Defendant Wilson in her official capacity are due to be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### II. PLAINTIFF'S CLAIMS OF FAILURE TO EQUALLY COMPENSATE AND VIOLATION OF THE FAMILY MEDICAL LEAVE ACT AGAINST DEFENDANT WILSON IN HER INDIVIDUAL CAPACITY ARE DUE TO BE

4

**DISMISSED WITH PREJUDICE.**

It is well-established that only an employer may be held liable for any alleged violations of the FLSA. 29 U.S.C. § 207; see also Welch v. Laney, 57 F.3d 1004 (11th Cir.1995), cited in Wascura v. Carver, 169 F.3d 683, 686 (11th Cir. 1999) (clarifying that Welch established principles relevant to the determination of employers under FLSA). In the Eleventh Circuit, "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA. Because "employer" is defined the same way in the FMLA and FLSA, Welch controls this case." Wascura, 169 F.3d at 686 (11th Cir. 1999).

The Plaintiff has alleged that she was paid less than a male who was offered the same or similar position. (Doc. 1, Exhibit A ¶¶52-54). While this Defendant disagrees that the position was the same or similar, the Plaintiff's claim of unequal pay is a claim to be made against an employer under the FLSA. The Plaintiff also alleges that she was not provided with benefits under the FMLA for which she may have been entitled. While this Defendant disagrees that the Plaintiff was entitled to benefits under the FMLA, this is also a claim that is to be made against an employer. The Plaintiff has acknowledged that the City of Fairhope was her employer. (Doc. 1, Exhibit A ¶¶ 1, 3). In her individual capacity, Defendant Karin Wilson was not the employer of the Plaintiff and the Plaintiff's claims for FLSA and FMLA violations against Defendant Wilson individually are due to be dismissed with prejudice pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

### III. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANT WILSON IN HER INDIVIDUAL CAPACITY IS DUE TO BE DISMISSED.

In Alabama, a plaintiff can establish a breach of contract claim by showing (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's non-performance, and (4) damages. State Farm fire & Cas. Co. v. Slade, 747 So. 2d 293, 303 (Ala. 1999). In this case the Plaintiff has cannot show the existence of a valid contract between herself and Defendant Wilson in her individual capacity and has not even alleged such contract. In her breach of contract claim, the Plaintiff has alleged that the Defendant failed to follow the applicable policies and procedures regarding her termination and her compensation. (Doc. 1, Exh. A ¶¶ 67-70). All of these allegations are related to terms of the Plaintiff's employment with the City of Fairhope. Defendant Wilson in her individual capacity did not have any contractual relationship with the Plaintiff and was not the Plaintiff's employer. Accordingly, Plaintiff's claims for breach of contract against Defendant Wilson in her individual capacity are due to be dismissed with prejudice pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

### IV. PLAINTIFF'S CLAIMS FOR TORTIOUS INTERFERENCE WITH A BUSINESS CONTRACT OF AGREEMENT ARE DUE TO BE DISMISSED WITH PREJUDICE AGAINST DEFENDANT WILSON IN HER OFFICIAL CAPACITY.

In order to establish a claim of tortious interference with a contractual or

business relations under Alabama law, the plaintiff must prove (1) the existence of a contract or business relation, (2) the defendant's knowledge of the contract or business relation, (3) intentional interference with the contract or business relation, and (40 damage to the plaintiff as a result of the interference.  Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc., 990 f. 2d 598, 603 n. 8 (11th Cir. 1993) However, a tortious interference claim can be maintained only when the defendant is independent of or a stranger to the relation or contract with which he allegedly interfered.  Tom's Foods, Inc. v. Carn, 896 So. 2d 443, 454 (Ala. 2004).

A defendant is not a stranger to a contract or business relationship when

> (1) the defendant is an essential entity to the purported injured relations; (2) the allegedly injured relations are inextricably a part of or dependent upon the defendant's contractual or business relations; (3) the defendant would benefit economically from the alleged relations; or (4) both the defendant and plaintiff are parties to a comprehensive interwoven set of contract or relations.

Waddell & Reed, Inc. v United Investors Life Ins. Co., 875 So. 2d 1143, 1156 (Ala. 2003) quoting Britt/Pauk Ins. Agency, Inc. v. Vandroff Ins. Agency, Inc., 952 F. Supp. 1575, 1584 (N.D. Ga. 1996).

In this case, Defendant Wilson in her official capacity as mayor would not be a stranger to the business relationship with the Plaintiff.  Plaintiff's claims for tortious interference against Defendant Wilson in her official capacity are accordingly due to be dismissed with prejudice pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## V.    PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES ARE DUE TO BE DISMISSED AS TO DEFENDANT WILSON IN HER OFFICIAL CAPACITY.

Punitive damages cannot be assessed against the State of Alabama, an Alabama county or municipality, or agency thereof.  42 U.S.C. § 1981a; *Ala. Code* § 6-11-26 (2007); see also City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 268 (1981) (explaining that the general principles behind assessing punitive damages do not apply to governmental entities in large part because it is the wholly innocent taxpayer-citizen who actually suffers from such an award).  Therefore, all claims for punitive damages against Defendant Wilson in her official capacity is due to be dismissed with prejudice.

Respectfully submitted this 12th day of April, 2019.

/s/Hope Curtis Hicks
HOPE CURTIS HICKS (HICKH4493)
Attorney for Defendants
BALL, BALL, MATTHEWS & NOVAK, P.A.
445 Dexter Avenue
Suite 9045
Montgomery, Alabama 36104
(334) 387-7680
hhicks@ball-ball.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of April, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

Alyce M. Spruell
Rosen Harwood, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
aspruellgroup@rosenharwood.com

Matthew C. McDonald
Kirkland E. Reid
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602
kreid@joneswalker.com

**/s/ Hope Curtis Hicks**
OF COUNSEL