IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER A. FIDLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Civil Action No. 1:19-cv-00179-TFM-M |
| ) | |
| **THE CITY OF FAIRHOPE,** ) | |
| **ALABAMA AND KARIN** ) | |
| **WILSON, IN HER OFFICIAL** ) | |
| **CAPACITY AS MAYOR OF THE** ) | |
| **CITY OF FAIRHOPE, AND** ) | |
| **KARIN WILSON,** ) | |
| **INDIVIDUALLY** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

Defendant Karin Wilson, individually and in her official capacity as Mayor of The City of Fairhope, answers Plaintiff's Complaint as follows:

## PARTIES

1. Admitted.

2. Paragraph two purports to set forth a legal conclusion that requires no response from Defendant Wilson.

3. Paragraph three purports to set forth a legal conclusion that requires no response from Defendant Wilson.

4. Admitted.

## **FACTS**

5. Denied that Plaintiff was terminated on or about April 5, 2017. Admitted that Plaintiff worked as Public Works Director.

6. Admitted that Plaintiff was employed as a horticulturist.

7. Denied.

8. Admitted.

9. Admitted that in late November or early December 2016, the Plaintiff was in a meeting with Defendant Wilson when Pandora Heathcoe entered the room to consult with Defendant Wilson.  (Admitted that on or around January 11, 2017, a meeting took place.  The remaining allegations of paragraph eleven are denied.)*

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph sixteen.

17. Admitted that Plaintiff was terminated on or about February 24, 2017.

18. Admitted only that Plaintiff requested that her termination be reconsidered.

19. Admitted only that Defendant Wilson expressed to Plaintiff that she would look further into Plaintiff's concerns. Any implication that the Plaintiff was wrongfully terminated is denied.

20. Admitted only that Plaintiff wished to continue in her position.

21. Admitted.

22. Denied that any alleged response by Defendant Wilson indicated that Plaintiff was still employed with Fairhope.

23. Denied.

24. Admitted. To the extent Defendant Wilson is alleged to have done anything improper regarding Plaintiff's paycheck, such allegation is denied.

25. Admitted. To the extent Defendant Wilson is alleged to have done anything improper regarding Plaintiff's paycheck, such allegation is denied.

26. Admitted.

27. Admitted that Defendant Wilson wished to split the positions of Public Works Director and City Horticulturist into two positions.

28. Admitted only that Plaintiff filed a public records request. The remaining allegations of paragraph twenty-eight are denied.

29. Plaintiff's personnel file speaks for itself and requires no response from Defendant Wilson. Any allegation or implication that Plaintiff was wrongfully terminated is denied.

30. Plaintiff's personnel file speaks for itself and requires no response from Defendant Wilson. Any allegation or implication that Plaintiff was wrongfully terminated is denied.

31. Plaintiff's personnel file speaks for itself and requires no response from Defendant Wilson. Any allegation or implication that Plaintiff was wrongfully terminated is denied.

32. Defendant Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-two.

33. Defendant Wilson denies that the Plaintiff was not informed that she was being terminated.

34. Denied that Plaintiff was terminated in April, 2017. Admitted only that Plaintiff expressed a wish to retire on January 1, 2018.

35. Denied.

36. Denied.

37. Any recordings from public meetings speak for themselves and require no response from Defendant Wilson. Any allegation that any such statement supports Plaintiff's claims is denied.

38. Admitted. To the extent any such writing is alleged to support Plaintiff's claims, such allegation is denied.

39. Any writing by Defendant Wilson speaks for itself and requires no response from Defendant Wilson. To the extent any such writing is alleged to support Plaintiff's claims, such allegation is denied.

40. Admitted. To the extent any such statement is alleged to support Plaintiff's claims, such allegation is denied.

41. Admitted.

42. Any recorded and published comments speak for themselves and require no response from Defendant Wilson. To the extent any such comment is alleged to support Plaintiff's claims, such allegation is denied.

43. Denied.

44. Denied.

45. Admitted that an offer was made to fill the position of Public Works Director. The remaining allegations of paragraph forty-five are denied.

46. Denied.

47. Any notice of claim filed by Plaintiff speaks for itself and requires no response from Defendant Wilson. Defendant Wilson denies that these notices are incorporated and included in Plaintiff's complaint.

## Count I -- Failure to Equally Compensate

Defendant Wilson has filed a motion to dismiss Count I.

## Count II -- Civil Conspiracy

61. Defendant Wilson reasserts her responses to paragraphs one through sixty as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## Count III – Breach of Contract and Violation of FMLA

Defendant Wilson has filed a motion to dismiss Count III.

## Count IV – Tortious Interference with a Business Contract or Agreement

Defendant Wilson, in her official capacity, has filed a motion to dismiss Count IV.

73. Defendant Wilson reasserts her responses to paragraphs one through seventy-two as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

### Count V – Defamation

80. Defendant Wilson reasserts her responses to paragraphs one through seventy-nine as if fully set forth herein.

81. Denied.

82. Denied

83. Denied.

### Count VI – Slander

84. Defendant Wilson reasserts her responses to paragraphs one through eighty-three as if fully set forth herein.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

### Count VII – Libel

90. Defendant Wilson reasserts her responses to paragraphs one through eighty-nine as if fully set forth herein.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

Any allegation contained in Plaintiff's complaint not expressly admitted is hereby denied.

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred and/or limited by *Ala. Code* § 11-47-190.

### Fourth Affirmative Defense

Any damages recoverable against Defendant Wilson in her official capacity are limited by *Ala. Code* § 11-93-2.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, and/or unclean hands.

### Sixth Affirmative Defense

Plaintiff's claims are barred by failure to file proper notices of claim pursuant to *Ala. Code* §§ 11-47-23 and/or 11-47-192 and/or failure to timely present her claim pursuant to *Ala. Code* §§ 11-47-23 and/or 11-47-192.

## Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of immunity and/or qualified immunity.

## Eighth Affirmative Defense

Plaintiff's claims are barred for failure to mitigate damages, if any.

## Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by a failure of consideration.

## Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the failure to pursue and exhaust administrative remedies.

## Eleventh Affirmative Defense

Plaintiff lacks standing and/or capacity to bring the claims raised in her Complaint.

## Twelfth Affirmative Defense

Plaintiff's claims of defamation are barred by the truth of the statements made.

## Thirteenth Affirmative Defense

Fairhope adopts by reference the defenses, criteria, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases addressing punitive damages: *BMW v. Gore,* 517 U.S. 599 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 923 (2001);

*State Farm v. Campbell,* 538 U.S. 408 (2003); and *SafeCo Ins. Co. of America v. Burr,* 127 S. Ct. 2201 (2007).

Respectfully submitted this 12th day of April, 2019.

**/s/Hope Curtis Hicks**
HOPE CURTIS HICKS (HICKH4493)
Attorney for Defendants
BALL, BALL, MATTHEWS &
NOVAK, P.A.
445 Dexter Avenue
Suite 9045
Montgomery, Alabama 36104
(334) 387-7680
hhicks@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of April, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

Alyce M. Spruell
Rosen Harwood, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
aspruellgroup@rosenharwood.com

Matthew C. McDonald
Kirkland E. Reid
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602
kreid@joneswalker.com

**/s/ Hope Curtis Hicks**
OF COUNSEL