# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER A. FIDLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-00179-TFM-M |
| | ) |
| **THE CITY OF FAIRHOPE,** | ) |
| **ALABAMA AND KARIN** | ) |
| **WILSON, IN HER OFFICIAL** | ) |
| **CAPACITY AS MAYOR OF THE** | ) |
| **CITY OF FAIRHOPE, AND** | ) |
| **KARIN WILSON,** | ) |
| **INDIVIDUALLY** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Karin Wilson in her individual capacity, answers Plaintiff's First Amended Complaint as follows:

## PARTIES

1. Admitted.

2. Paragraph two purports to set forth a legal conclusion that requires no response from Defendant Wilson.

3. Paragraph three purports to set forth a legal conclusion that requires no response from Defendant Wilson.

4. Admitted.

## **FACTS**

5. Denied that Plaintiff was terminated on or about April 5, 2017. Admitted that Plaintiff worked as Public Works Director.

6. Admitted that Plaintiff was employed as a horticulturist.

7. Denied.

8. Admitted.

9. Admitted that in late November or early December 2016, the Plaintiff was in a meeting with Defendant Wilson when Pandora Heathcoe entered the room to consult with Defendant Wilson.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph sixteen.

17. Admitted that Plaintiff was terminated on or about February 24, 2017.

18. Admitted only that Plaintiff requested that her termination be reconsidered.

2

19. Admitted only that Defendant Wilson expressed to Plaintiff that she would look further into Plaintiff's concerns. Any implication that the Plaintiff was wrongfully terminated is denied.

20. Admitted only that Plaintiff wished to continue in her position.

21. Admitted.

22. Denied that any alleged response by Defendant Wilson indicated that Plaintiff was still employed with Fairhope.

23. Denied.

24. Admitted. To the extent Defendant Wilson is alleged to have done anything improper regarding Plaintiff's paycheck, such allegation is denied.

25. Admitted. To the extent Defendant Wilson is alleged to have done anything improper regarding Plaintiff's paycheck, such allegation is denied.

26. Admitted.

27. Admitted that Defendant Wilson wished to split the positions of Public Works Director and City Horticulturist into two positions.

28. Admitted only that Plaintiff filed a public records request. The remaining allegations of paragraph twenty-eight are denied.

29. Plaintiff's personnel file speaks for itself and requires no response from Defendant Wilson. Any allegation or implication that Plaintiff was wrongfully terminated is denied.

30. Plaintiff's personnel file speaks for itself and requires no response from Defendant Wilson. Any allegation or implication that Plaintiff was wrongfully terminated is denied.

31. Plaintiff's personnel file speaks for itself and requires no response from Defendant Wilson. Any allegation or implication that Plaintiff was wrongfully terminated is denied.

32. Defendant Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-two.

33. Defendant Wilson denies that the Plaintiff was not informed that she was being terminated.

34. Denied that Plaintiff was terminated in April, 2017. Admitted only that Plaintiff expressed a wish to retire on January 1, 2018.

35. Denied.

36. Denied.

37. Any recordings from public meetings speak for themselves and require no response from Defendant Wilson. Any allegation that any such statement supports Plaintiff's claims is denied.

38. Admitted. To the extent any such writing is alleged to support Plaintiff's claims, such allegation is denied.

39. Any writing by Defendant Wilson speaks for itself and requires no response from Defendant Wilson. To the extent any such writing is alleged to support Plaintiff's claims, such allegation is denied.

40. Admitted. To the extent any such statement is alleged to support Plaintiff's claims, such allegation is denied.

41. Admitted.

42. Any recorded and published comments speak for themselves and require no response from Defendant Wilson. To the extent any such comment is alleged to support Plaintiff's claims, such allegation is denied.

43. Denied.

44. Denied.

45. Admitted that an offer was made to fill the position of Public Works Director. The remaining allegations of paragraph forty-five are denied.

46. Denied.

47. Any notice of claim filed by Plaintiff speaks for itself and requires no response from Defendant Wilson. Defendant Wilson denies that these notices are incorporated and included in Plaintiff's complaint.

## **Count I -- Failure to Equally Compensate**

Defendant Wilson is not required to respond to Count I.

## Count II -- Civil Conspiracy

61. Defendant Wilson reasserts her responses to paragraphs one through sixty as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## Count III – Breach of Contract and Violation of FMLA

Defendant Wilson is not required to respond to Count III.

## Count IV – Defamation

73. Defendant Wilson reasserts her responses to paragraphs one through seventy-two as if fully set forth herein.

74. Denied.

75. Denied

76. Denied.

## Count V – Slander

77. Defendant Wilson reasserts her responses to paragraphs one through seventy-six as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## Count VI – Libel

83. Defendant Wilson reasserts her responses to paragraphs one through eighty-two as if fully set forth herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

Any allegation contained in Plaintiff's complaint not expressly admitted is hereby denied.

## First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## Third Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, and/or unclean hands.

### **Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of immunity and/or qualified immunity.

### **Fifth Affirmative Defense**

Plaintiff's claims are barred for failure to mitigate damages, if any.

### **Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by a failure of consideration.

### **Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the failure to pursue and exhaust administrative remedies.

### **Eighth Affirmative Defense**

Plaintiff lacks standing and/or capacity to bring the claims raised in her Complaint.

### **Ninth Affirmative Defense**

Plaintiff's claims of defamation are barred by the truth of the statements made.

### **Tenth Affirmative Defense**

Fairhope adopts by reference the defenses, criteria, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases addressing punitive damages: *BMW v. Gore,* 517 U.S. 599 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 923 (2001);

*State Farm v. Campbell,* 538 U.S. 408 (2003); and *SafeCo Ins. Co. of America v. Burr,* 127 S. Ct. 2201 (2007).

Respectfully submitted this 7th day of June, 2019.

                                         **/s/Hope Curtis Hicks**
                                         HOPE CURTIS HICKS (HICKH4493)
                                         Attorney for Defendants
                                         BALL, BALL, MATTHEWS &
                                         NOVAK, P.A.
                                         445 Dexter Avenue
                                         Suite 9045
                                         Montgomery, Alabama 36104
                                         (334) 387-7680
                                         hhicks@ball-ball.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of June, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

Alyce M. Spruell
Rosen Harwood, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
aspruellgroup@rosenharwood.com

Matthew C. McDonald
Kirkland E. Reid
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602
kreid@joneswalker.com

                                         **/s/ Hope Curtis Hicks**
                                         OF COUNSEL